# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

OLA DECKER                                                                    PLAINTIFF

V.                          NO. 3:17CV00182-JTR

NANCY A. BERRYHILL,
Deputy Commissioner for Operations,
performing the duties and functions not reserved
to the Commissioner of Social Security                 DEFENDANT

## ORDER

**I. Introduction:**

Plaintiff, Ola Decker, applied for disability benefits on November 28, 2014, alleging a disability onset date of October 7, 2014. (Tr. at 19). After conducting a hearing, the Administrative Law Judge ("ALJ") denied Decker's application. (Tr. at 35). The Appeals Council denied her request for review. (Tr. at 1). Thus, the ALJ's decision now stands as the final decision of the Commissioner.

For the reasons stated below, the Court[1] reverses the ALJ's decision and remands for further review.

**II. The Commissioner's Decision:**

The ALJ found that Decker had not engaged in substantial gainful activity since the alleged onset date of October 7, 2014. (Tr. at 21). At Step Two, the ALJ

---

[1] The parties have consented in writing to the jurisdiction of a United States Magistrate Judge.

found that Decker has the following severe impairments: chronic liver disease, bilateral carpal tunnel syndrome, ulnar nerve entrapment in the left arm, chronic obstructive pulmonary disease, diabetes mellitus, obesity, affective disorder, and anxiety disorder. (Tr. at 22).

After finding that Decker's impairments did not meet or equal a listed impairment (Tr. at 22), the ALJ determined that Decker had the residual functional capacity ("RFC") to perform light work, except that: (1) she can only occasionally stoop, kneel, crouch, or crawl; (2) she can frequently, but not constantly, handle with her upper extremities; (3) she cannot have concentrated exposure to temperature extremes, humidity, dust, fumes, or other pulmonary irritants; and (4) she can perform simple, routine tasks with occasional changes in a routine work setting. (Tr. at 25).

The ALJ found that, based on Decker's RFC, she was unable to perform any past relevant work. (Tr. at 34). However, relying upon the testimony of the Vocational Expert ("VE"), the ALJ found that, based on Decker's age, education, work experience and RFC, jobs existed in significant numbers in the national economy that she could perform, including positions as a mail clerk and a routing clerk. (Tr. at 35). Thus, the ALJ concluded that Decker was not disabled. *Id.*

## III. Discussion:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

### B. Decker's Arguments on Appeal

Decker contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that: (1) the ALJ erred by not finding her back condition to be a severe impairment; and (2) the RFC did not incorporate all of Decker's limitations. For the reasons explained below, the Court agrees with Decker.

Decker's argument for reversal prevails with respect to her back condition.

From June 9, 2014 through January 8, 2016, Decker saw Dr. Joseph Pierce, M.D., thirteen times for a variety of conditions including back and neck pain. (Tr. at 449-480, 548-552, 557-561, 683-718, 791-815). On February 12, 2015, an MRI of the lumbar spine showed diffuse annular bulge at L4-L5 without focal herniation, degenerative disc disease of L4-L5 vertebral bodies, and a central bulging disc at L3-L4 with loss of anterior subarachnoid space. (Tr. at 534-535).

On June 26, 2015, Decker began receiving treatment from Dr. Jeffrey Hall, M.D., with Comprehensive Pain Specialists, for worsening low back pain, of an aching and stabbing nature. (Tr. at 720-723, 778-790, 817-820, 877-885). Physical examination revealed a positive Patrick's test bilaterally with facet loading, positive FABER signs bilaterally, and bilateral painful hip rotation. (Tr. at 780). Decker said that bending, changing from sitting to standing, lifting or carrying heavy loads, and household chores exacerbated her pain. (Tr. at 828). She indicated she had tried chiropractic care. (Tr. at 779). She had tried Naproxen, Aleve, and Ibuprofen, but did not get relief from pain. *Id.* Dr. Hall administered four lumbar facet steroid injections at L3-L4, L4-L5, L5-S1, and radiofrequency injections of the sacroiliac joints. (Tr. at 724, 780). Dr. Hall prescribed physical therapy and a back brace. (Tr. at 785-786).

On April 29, 2016, Decker began seeing Dr. Sunil Gera, M.D., at Pain

Management Medical Clinic, for continued low back and hip pain. (Tr. at 853-855). She had moderate to severely restricted flexion and extension of the lumbar spine; straight leg raises were positive for bilateral back and thigh pain; Patrick's test was markedly positive for bilateral SI and groin pain; and palpation of the lumbar facets and facets of the thoracic spine were markedly tender. *Id.* Dr. Gera diagnosed lumbar spondylosis, lumbosacral spondylosis, facet arthropathy lumbar region, hip pain with osteoarthritis, sacroiliitis, low back and thoracic pain, and degenerative disc disease. *Id.* On May 17, 2016 and June 16, 2016, Dr. Gera administered lumbar medial branch blocks at L3-L4, L4-L5, and L5-S1. (Tr. at 856). On June 21, 2016, he administered a right sacroiliac joint injection. (Tr. at 57-58). On July 26, 2016, Dr. Gera administered radiofrequency neurolysis of the medial nerve branches at L3-L4, L4-L5, and L5-S1. (Tr. at 55).

On June 8, 2016, Dr. Barbara Geater, M.D., performed an independent medical examination to determine eligibility for long-term disability benefits. (Tr. at 909). Decker reported difficulty walking, joint and muscle pain, limited joint mobility, muscle weakness, and frequent falls. (Tr. at 903-907). Dr. Geater noted a complex medical history, and she found a decreased range of motion and forward flexion in Decker's back. (Tr. at 908). Dr. Geater concluded that Decker's issues would result in a "long term inability to maintain gainful employment," and that she

would miss days of work to the point of dysfunction with the number of treatments required. (Tr. at 909). Dr. Geater limited Decker to only occasional standing and walking. (Tr. at 910-911).

Decker argues that her back condition should have been ruled to be a severe impairment at Step Two. The claimant has the burden of proving that an impairment is severe, which by definition significantly limits one or more basic work activities. *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006); *see Bowen v. Yuckert*, 482 U.S. 137, 141 (1987); 20 C.F.R. § 404.1521(a). A physical or mental impairment must last or be expected to last not less than 12 months. *Karlix v. Barnhart*, 457 F.3d 742, 746 (8th Cir. 2006). If the impairment would have no more than a minimal effect on the claimant's ability to do work, then it does not satisfy the requirement of Step Two. *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).

The ALJ did not even mention Decker's back in his discussion at Step Two. Further, he did not mention her back in his Listings analysis at Step Three. He also failed to ask Decker about back limitations at the hearing. He did not discuss the MRI of the lumbar spine, or mention the medial branch blocks or radiofrequency treatment. He did not refer to treatment by any of the pain specialists. And he gave little weight to Dr. Geater's opinion because she only saw Decker once. (Tr. at 33). He, on the other hand, gave great weight to the opinions of the state-agency medical

consultants, who did not examine Decker at all.

Decker saw specialists and treated her back with chiropractic care, physical therapy, pain medication, injections, radiofrequency, and branch blocks. A consistent diagnosis of chronic pain, coupled with a long history of pain management and drug therapy, supports a claimant's allegations of disabling pain. *Cox v. Apfel*, 160 F.3d 1203, 1208 (8th Cir. 1998). Even with treatment, at the hearing, Decker complained of back pain that compromised her ability to sleep and do chores. (Tr. at 67-72). She also explained that her pain caused her to fall. (Tr. at 68). She indicated side effects from medication such as drowsiness and panic attacks. (Tr. at 66).

The ALJ gave no indication that he considered medical evidence related to back pain. He ignored the MRI results and Decker's aggressive treatment. He discounted the opinion of Dr. Geater, the only examining medical doctor. The Court finds the ALJ's consideration of the medical evidence to be incomplete, and thus, reversal is required.

**IV. Conclusion:**

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477). The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing. The Court finds that the ALJ's decision is not supported by substantial evidence, because the ALJ did not conduct a complete analysis at Step Two.

IT IS THEREFORE ORDERED that the final decision of the Commissioner is REVERSED and the case is REMANDED for further review.

DATED this 5th day of April, 2018.

_____
UNITED STATES MAGISTRATE JUDGE